```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

TIMOTHY G. PRYER                                            PLAINTIFF

VERSUS                              CIVIL ACTION NO. 3:07cv707-WHB-LRA

HALEY BARBOUR, Governor of Mississippi;
JIM HOOD, Attorney General of Mississippi;
PAUL S. FUNDERBURK, Judge;
THOMAS J. GARDNER III, Judge;
SHARION AYCOCK, Judge;
JOHN R. YOUNG, District Attorney;
LORI NAIL BASHAM, Public Defender;
and JOHN HELMERT, Public Defender                          DEFENDANTS

## MEMORANDUM OPINION

This cause is before the Court, <u>sua</u> <u>sponte</u>, for consideration of dismissal. Plaintiff, an inmate currently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, states in his motion/response [16] that he filed this complaint pursuant to 28 U.S.C. §§ 1343, 1651, and 2201 as well as a conspiracy claim and a RICO violation. Additionally, the plaintiff claims in his amended complaint [7] that the International Covenant on Civil and Political Rights apply to this action. The named defendants are Haley Barbour, Governor of Mississippi; Jim Hood, Attorney General of Mississippi; Paul S. Funderburk, Judge; Thomas J. Gardner III, Judge; Sharion Aycock, Judge; John R. Young, District Attorney; Lori Nail Basham, Public Defender; and John Helmert, Public Defender. The plaintiff is seeking as relief "revocation of named defendants license to practice law and their removal from office" and that they pay court costs. (Comp. [1] p.3.).

According to his complaint [1], the plaintiff argues that the state trial courts of Lee and Itawamba counties violated the separation of powers doctrine.  This resulted in a conflict of interest for the court-appointed attorneys and the prosecutors.  The plaintiff further complains that defendants Basham and Helmert were ineffective in representing him in his criminal case thereby violating the Sixth Amendment.  In his amended complaint [7], the plaintiff includes additional counties of Prentiss, Pontotoc and Tishomingo as also violating the separation of powers doctrine.

On January 10, 2008, the plaintiff was ordered [10] to file a written response providing additional information concerning his conviction.  He filed his response [15] on February 15, 2008.

In his response [15], the plaintiff states that he was convicted by an all white jury of a crime in the state court of Itawamba County.  At this time, his state court sentence has not been invalidated, reversed or expunged. (Resp. [15] p.1).  Moreover, a review of the electronic docket for the United States District Court for the Northern District indicates that the plaintiff's habeas corpus petition, <u>Pryer v. Bingham</u>, civil action number 1:07cv324-M-D, (N.D. Miss. Mar. 27, 2007), was dismissed without prejudice because the plaintiff failed to exhaust his available state remedies.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994).  "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991).  See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
       (i)  is frivolous or malicious;
       (ii) fails to state a claim on which relief
     may be granted; or
       (iii)  seeks  monetary  relief  against  a
     defendant who is immune from such relief.

Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id.  As discussed below, the plaintiff cannot maintain this action.

This court finds that it is appropriate to consider initially the possible applicability of the doctrine of absolute immunity. See Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). The United States Supreme Court has stated, "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." Mitchell v. Forsyth, 472 U.S. 511, 525, 105 S.Ct. 2806, 2814-15, 86 L.Ed.2d 411 (1985). "Because absolute immunity is properly viewed as immunity from suit rather than a mere defense to liability," Mitchell, 472 U.S. at 526, it is appropriate for the district courts to resolve the question of absolute immunity before reaching further analysis of the case.  Boyd, 31 F.3d at 284.

Judges are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. Stump v. Sparkman, 435 U.S. 349, 356, 98

4

S.Ct. 1099, 55 F.Ed.2d 331 (1978).  The alleged magnitude of the judge's errors or the mendacity of his acts does not deprive a judge of immunity. Id. at 356.  Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. Id. 356-57. The plaintiff does not complain of any actions taken by defendants Judge Funderburk, Judge Gardner, and Judge Aycock which were nonjudicial in nature, and therefore, his claims against these defendants for monetary damages are dismissed with prejudice. See Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985)(stating the factors used to determine if actions were "judicial" in nature.).

Moreover, the plaintiff states that this is *not* a civil action brought pursuant to 42 U.S.C. § 1983 or § 1985 because, according to the plaintiff, to label this action as such would be "legal suicide" since it is barred by the Heck doctrine and would be dismissed as frivolous.  (Mot./Resp. [16] p.1).  Therefore, the plaintiff states that he is bringing this action pursuant to 28 U.S.C. §§ 1343, 1651, and 2201 as well as a conspiracy claim and a RICO violation. (Mot./Resp. [16] p.1).  He also stated in his amended complaint [7] that he is bringing that civil action pursuant to the International Covenant on Civil and Political Rights.  As discussed below, the plaintiff fails to state a claim based on the cited statutes or legal theories against the named defendants upon which relief can be granted.

The plaintiff's reliance on 28 U.S.C. § 1343 for a cause of action is misplaced. Title 28 U.S.C. § 1343 provides "the district court original jurisdiction in certain cases" and "does not create any substantive rights." Jewell v. City of Covington, GA, 425 F.2d 459, 460 (5th Cir. 1970).

As for the All Writs Act, 28 U.S.C. § 1651, it does not create an independent basis of jurisdiction. Faith Home Health Services, Inc. v. Shalala, 166 F.3d 341 (5th Cir. 1998) (citing Brittingham v. United States Comm'r of Internal Revenue, 451 F.2d 315, 317 (5th Cir. 1971)). "Moreover, '[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (citing Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985)). In the instant civil action, the primary means for challenging the fact or duration of incarceration as a result of a state court conviction is by filing a habeas corpus petition pursuant to 28 U.S.C. § 2254. Therefore, the All Writs Act is not applicable to the instant civil action.

Additionally, "28 U.S.C. § 2201 does not provide an independent cause of action for determination of the

constitutionality of a statute, but rather is only an avenue for relief in a 'case of actual controversy within (the court's jurisdiction).'" Earnest v. Lowentritt, 690 F.2d 1198, 1203 (5th Cir. 1982). Thus, the plaintiff cannot maintain an action pursuant to this statute.

The plaintiff further argues that the defendants have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). A RICO violation "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed. 2d 346 (1985). The activities which are prohibited by RICO are found at 18 U.S.C. § 1962. The plaintiff's allegations in the motion/response [16] relating to the RICO and conspiracy claims are rambling statements and do not assert any facts to establish an existence of an enterprise which is one of the elements required to set forth a RICO claim. See id. The plaintiff's use of the word "conspiracy" as a general allegation against the defendants is not sufficient to establish a claim that a RICO enterprise exists among the defendants. See Tel-Phonic Services, Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1140-41 (5th Cir. 1992). Consequently, the plaintiff fails to state a claim. See Rouser v. Johnson, 36 F.3d 90, 1994 WL 523784, at *4 (5th Cir. 1994)(not selected for publication in Federal Reporter).

As for the application of the International Covenant on Civil and Political Rights to this civil action, the United States Supreme Court in Sosa v. Alvarez-Machain, 542 U.S. 692, 735, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) held that "[a]lthough the covenant does bind the United States as a matter of international law, the United States ratified the covenant on the express understanding that it was not self-executing, and so did not itself create obligations enforceable in the federal courts." Consequently, the plaintiff does not have an actionable claim under the International Covenant on Civil and Political Rights.

Liberally construing the plaintiff's claims, it is clear to this court that he is simply attempting to create a different approach to challenge his conviction and incarceration.  His attempt fails.  Clearly, the only proper vehicle to use in challenging a state court conviction, including the effectiveness of one's attorney representing him in that criminal trial, is by filing a petition for habeas corpus relief.

## Conclusion

As discussed above, the plaintiff cannot maintain this civil action.  Additionally, this court finds that the true nature of this action is habeas.  Consequently, the instant civil action will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and will count as a

"strike" in accordance with 28 U.S.C. § 1915(g).[2]

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 20th day of May, 2008.

                                        s/William H. Barbour, Jr.
                                            UNITED STATES DISTRICT JUDGE

---

[2] Since this case is dismissed as frivolous and counts as a "strike", the plaintiff is warned that if he accumulates three strikes while incarcerated he may be denied in forma pauperis status, unless he meets the exception to 28 U.S.C. § 1915(g), and may be required to pay the full filing fee to file a civil action or appeal.